COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, Decker and Senior Judge Willis

UNPUBLISHED

TREVOR D. WILLIAMS

MEMORANDUM OPINION[*]
v.      Record No. 2376-13-4                                    PER CURIAM
                                                              JUNE 10, 2014
VIRGINIA EMPLOYMENT COMMISSION
 AND MANPOWER INTERNATIONAL

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

(Trevor D. Williams, *pro se*, on brief).

No brief for appellees.


Trevor D. Williams (hereinafter "appellant") appeals the trial court's ruling affirming a

decision by the Virginia Employment Commission (hereinafter "VEC") finding appellant was

disqualified from receiving unemployment compensation benefits because he was discharged for

misconduct in connection with his work.

Appellant raises two assignments of error of appeal.  First, he contends the trial court

committed reversible error "by disregarding the mitigating circumstances."  Second, he asserts

the trial court erred by "holding [him] to the same unemployment disqualification standards that

the court has done [sic] with managerial and/or supervisor positions."  Appellant has failed to

demonstrate that he presented these issues below.  Rule 5A:18.  Therefore, we summarily affirm

the decision of the trial court.  Rule 5A:27.

                                    Background

Appellant was employed by a staffing agency, and in June of 2009 was assigned to work

for one of the agency's clients as a data entry specialist.  The agency had a policy that it could

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

discipline and/or terminate an employee who misrepresented the number of hours worked. Appellant acknowledged the existence of this policy with his signature on March 13, 2003 as noted in the Virginia Employment Commission's decision.

Over the weekend of November 3-4, 2012, appellant obtained approval from the client to work from his home. However, because his access code to the client's proprietary database expired on Friday, November 2, 2012, appellant discovered on November 3, 2012, he was unable to access the database. Appellant contacted the client's help desk, but it could not restore access that weekend. Despite his inability to perform his primary job function, appellant billed eleven hours to the client. On Monday, November 5, 2012, appellant reported he had lost access to the database, and access was restored on November 8, 2012.

On December 12, 2012, the client's on-site supervisor questioned appellant about the time he had billed on November 3rd and 4th, and asked appellant to document his activity. Later that day, appellant consulted with his agency to ascertain if the client had been in touch with the agency. He provided no details to the agency about his discussion with the client supervisor, but did acknowledge he had no access to a "particular system."

The following week, on December 18, 2012, the client notified the agency it believed appellant had falsified his hours because he did not have access to the database necessary to perform his work, and he had failed to produce any evidence verifying he had performed work for the client as indicated on his time entries. The next day, the agency spoke with appellant and asked him why he had not produced documentation supporting his time entries. Appellant replied, "[b]ecause I deleted everything. I don't have anything to show her."

The agency terminated appellant's employment.

<u>Analysis</u>

In the first assignment of error, appellant contends that he argued to the trial court "that his call to the help desk coupled with the meeting with his manager[] were both mitigating factors." In support of this argument, appellant cites the following language from <u>Branch v. Virginia Emp't Comm'n</u>, 219 Va. 609, 249 S.E.2d 180 (1978):

> In our view, an employee is guilty of "misconduct connected with his work" when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer. Absent circumstances in mitigation of such conduct, the employee is "disqualified for benefits", and the burden of proving mitigating circumstances rests upon the employee.

<u>Id.</u> at 611, 249 S.E.2d at 182 (citations omitted).

Appellant, however, does not cite the portion of the record in which he presented this argument to the trial court. Furthermore, in the petition for judicial review filed by appellant in the trial court, he argued he was terminated without adequate investigation into whether he actually performed services supporting the time cards he submitted. His only other argument was that the "[a]ppeals [e]xaminer wrongfully concluded that [he] had been discharged for misconduct connected with work." Appellant asserted "[t]his is in spite of the facts clearly indicating that [he] committed no work place misconduct and actually worked on behalf of Manpower and his assigned company during the affected period." He did not specifically argue that mitigating circumstances justified his misconduct. Accordingly, appellant has failed to preserve this issue for our consideration on appeal. <u>See</u> Rule 5A:18. Under Rule 5A:18, the "same argument must have been raised, with specificity, at trial before it can be considered on appeal." <u>Correll v. Commonwealth</u>, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004).

- 3 -

Likewise, with respect to the second assignment of error, appellant cites nothing in the record indicating he presented this argument to the trial court, and we find nothing in his petition for review before the trial court indicating this argument was made below. Accordingly, appellant has also failed to preserve this assignment of error for our consideration. Pursuant to Rule 5A:18, we "will not consider an argument on appeal [that] was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Thus, we dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.